23-7828
Guaman-Parades v. Bondi

BIA
Perl, IJ
A220 592 351/352/350

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand twenty-five.

PRESENT:
　　　　ROBERT D. SACK,
　　　　SUSAN L. CARNEY,
　　　　WILLIAM J. NARDINI,
　　　　　　*Circuit Judges.*
_____

VICTOR GUSTAVO GUAMAN-PARADES, JEANPIERRE NICOLAS GUAMAN-ALVARADO, GLORIA SORAYA ALVARADO-MALLA,
　　　　*Petitioners,*

　　　v.　　　　　　　　　　　　　　　　　　**23-7828**
　　　　　　　　　　　　　　　　　　　　　　**NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent.*
_____

**FOR PETITIONERS:** Michael Borja, Esq., Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; John S. Hogan, Assistant Director; Lindsay Corliss, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Victor Gustavo Guaman-Parades, Gloria Soraya Alvarado-Malla, and their minor son Jeanpierre Nicolas Guaman-Alvarado, natives and citizens of Ecuador, seek review of an October 24, 2023 decision of the BIA affirming a December 21, 2022 decision of an Immigration Judge ("IJ") denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Victor Gustavo Guaman-Parades, Gloria Soraya Alvarado-Malla, Jeanpierre Nicolas Guaman-Alvarado*, Nos. A 220 592 351/352/350 (B.I.A. Oct. 24, 2023), *aff'g* Nos. A 220 592 351/352/350 (Immigr. Ct. N.Y.C. Dec. 21, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

2

We review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's fact-finding "under the substantial evidence standard," and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

To establish eligibility for asylum, an applicant must prove that he "suffered past persecution or . . . has a well-founded fear of future persecution." 8 C.F.R. § 1208.13(b). Similarly, an applicant for withholding of removal must establish either past persecution or that he will "more likely than not" be persecuted in the future. *Id.* § 1208.16(b)(1), (2). An applicant for asylum and withholding of removal has the burden of showing that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also* 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (holding that "one central reason" standard applies to both asylum and

3

withholding).[1] Where, as here, applicants assert membership in a particular social group, they have to show "both that the group itself was cognizable," *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014), and that their membership in the group was or will be "one central reason" for the harm suffered or feared, *Quituizaca*, 52 F.4th at 105–06.

Before the IJ, Guaman-Parades asserted protected status as a member of the particular social groups of Ecuadorian men who resisted recruitment by a gang and Ecuadorian men who are targeted by a gang; Alvarado-Malla and their son asserted membership in the group of family members of Guaman-Parades. Before the BIA, Petitioners asserted membership in a particular social group of "those who opposed criminal activity" or "witnesses [who] oppos[ed] criminal activity." Certified Admin. Rec. ("CAR") at 15, 16. The BIA found the family-based social group waived, declined to consider the new group raised on appeal to the extent it differed from the groups identified before the IJ, then declined to

[1] Petitioners argue here that the agency erred by failing to conduct an independent analysis of withholding of removal. That argument is unexhausted and thus not properly before us. *See Punin v. Garland*, 108 F.4th 114, 123–24 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it."). Moreover, as set forth here, the "one central reason" requirement for asylum applies equally to withholding of removal. *See Quituizaca*, 52 F.4th at 105–06.

reach the cognizability of the groups proffered to the IJ, but affirmed the IJ's dispositive nexus determination.

Petitioners do not challenge those findings here, but instead reiterate the argument they first raised before the BIA—that they identified and are members of a cognizable group of witnesses who opposed criminal activity. "We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quotation marks omitted). The abandoned grounds—waiver of the family-based social group, and nexus between the alleged harm and the social groups proposed before the IJ—are dispositive, so there is nothing more for us to review regarding asylum and withholding of removal. *See Paloka*, 762 F.3d at 195 ("To succeed on a particular social group claim, the applicant must establish both that the group itself was cognizable, and that the alleged persecutors targeted the applicant on account of her membership in that group." (citations and quotation marks omitted)).

With respect to the argument raised here, the BIA declined to reach the proposed social group of "those who oppose criminal activity" because Petitioners did not identify that group before the IJ. Thus, as to that group, the only issue

5

before us is whether the BIA erred in its waiver finding. *See Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015) (explaining that where the BIA finds an issue waived, "this Court's review is limited to whether the BIA erred in deeming the argument waived"). Petitioners do not challenge that finding here.

Finally, Petitioners' challenge to the denial of their CAT claim is unexhausted because it was not argued before the BIA, *see Punin*, 108 F.4th at 123–24, and without merit because the CAT regulations explicitly require government involvement or acquiescence, *see* 8 C.F.R. § 1208.18(a)(1); *Scarlett v. Barr*, 957 F.3d 316, 334 (2d Cir. 2020) (explaining that a CAT claim based on the likelihood of torture by gang members requires "demonstrating government acquiescence in likely torture" (emphasis omitted)). Petitioners otherwise do not adequately challenge the denial of CAT relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming argument abandoned where brief "devote[d] only a single conclusory sentence" to it).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                          FOR THE COURT:
                                          Catherine O'Hagan Wolfe,
                                          Clerk of Court